UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN SHERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE REGENTS OF UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | Case No. 20-cv-06441-VKD<br><br>**ORDER RE DECEMBER 8, 2021 DISCOVERY DISPUTE RE TROMP DEPOSITION**<br><br>Re: Dkt. No. 28 |

Plaintiffs Benjamin Sherman and Zayd Hammoudeh have subpoenaed Marlene Tromp for a deposition to occur on December 14, 2021. Defendant The Regents of the University of California move to quash the deposition. The Court deems the matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

Dr. Tromp was formerly the Campus Provost and Executive Vice Chancellor for U.C. Santa Cruz. Dkt. No. 28 at 1. She currently serves as the president of Boise State University. *Id.* at 5. Defendant argues that Dr. Tromp should not be required to submit to a deposition in this case because of her "limited percipient involvement" and because she qualifies as an "apex" deponent. *Id.* at 2, 5. In addition, defendant says that all communications Dr. Tromp had regarding the facts at issue in this case are "attorney-client privileged and/or covered by the official proceeding/information privilege." *Id.* at 5.

Plaintiffs argue that Dr. Tromp has personal knowledge of facts essential to their claims, and that they cannot obtain the information they require through alternate means. *Id.* at 6. Specifically, plaintiffs contend that Dr. Tromp has unique, personal knowledge of information concerning her knowledge of plaintiffs' initial complaint, her decision to place Professor

Achlioptas on involuntary leave, and the timing of this decision, and that she also has unique, personal knowledge of non-privileged communications regarding the complaint and her decisions. In addition, plaintiffs say that another witness recently confirmed in deposition that only Dr. Tromp could personally authorize investigations involving the faculty code of conduct. *Id.*

Dr. Tromp no longer holds the position of Campus Provost and Executive Vice Chancellor at U.C. Santa Cruz, and therefore she is not currently an apex employee of defendant. Moreover, as plaintiffs correctly observe, Dr. Tromp is a third party, and neither she nor her current employer has objected to the deposition. For this reason, defendant's interest in protecting a high-ranking employee from abuse or harassment—the principal interest the "apex" doctrine serves—is not compelling here. However, even if Dr. Tromp qualifies as an "apex" employee by virtue of her prior position with U.C. Santa Cruz, plaintiffs have demonstrated that she likely has unique, personal knowledge of relevant facts, and that her testimony is unlikely to be duplicative of discovery plaintiffs have already obtained from other sources.

Defendant does not make a persuasive showing that all testimony plaintiffs may seek from Dr. Tromp will be protected from disclosure by the attorney-client privilege or some other privilege.[1] Facts are not privileged, of course. However, if defendant believes that a deposition question will require Dr. Tromp to disclose a privileged communication, defendant may object to such question as appropriate on a case-by-case basis during the deposition.

Defendant's request to quash Dr. Tromp's deposition is denied.

**IT IS SO ORDERED.**

Dated: December 10, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Defendant does not explain what the "official proceeding/information privilege" is or cite to any authority that supports the existence of such a privilege. *See id.* at 5.