UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN SHERMAN, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>THE REGENTS OF UNIVERSITY OF CALIFORNIA,<br><br>   Defendant. | Case No. 20-cv-06441-VKD<br><br>**ORDER RE DECEMBER 20, 2021 DISCOVERY DISPUTES RE MEDICAL RECORDS AND INDEPENDENT MENTAL EXAMINATIONS**<br><br>Re: Dkt. Nos. 30, 31 |

Plaintiffs Benjamin Sherman and Zayd Hammoudeh and defendant The Regents of the University of California ("The Regents") ask the Court to resolve a dispute concerning the production of Mr. Hammoudeh's medical records and a dispute concerning the scope of The Regents' independent mental examinations of plaintiffs. Dkt. Nos. 30, 31. The Court finds these disputes suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court will require Mr. Hammoudeh to produce medical records and will require both plaintiffs to submit to mental examinations that are commensurate with the scope of their claims for non-economic damages, as set for the below.

**I. BACKGROUND**

Plaintiffs' claims against The Regents for deliberate indifference to sexual harassment and retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; deliberate indifference to harassment based on race and/or national origin in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; harassment based on race, religion, and/or national origin in violation of the California Government Code § 12940 *et seq.*; discrimination based on national origin in violation of California Government Code § 12900 *et*

*seq.*; intentional discrimination in violation California Civil Code § 51 *et seq.*; and discrimination in education in violation of California Education Code §§ 220 and 66270 *et seq.*  Dkt. No. 1, Ex. A.  These claims arise out of plaintiffs' interactions with Professor Dimitris Achlioptas at the University of California Santa Cruz, where both plaintiffs were students.  *Id.*

Plaintiffs claim non-economic damages for "emotional and physical distress" caused by The Regents' conduct.  *Id.*, Ex. A ¶¶ 85, 93, 103, 112, 120, 135.  The Regents seek discovery of plaintiffs regarding their claim for non-economic damages.

## II.   LEGAL STANDARDS

As a general matter, The Regents may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Rule 35 of the Federal Rules of Civil Procedure provides that, for good cause shown, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a).  The party seeking the examination must demonstrate that the mental or physical condition is in controversy and that good cause exists for the examination.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964).  In evaluating whether a mental condition is in controversy, courts in the Ninth Circuit typically consider whether, in addition to a claim of emotional distress, the case involves one or more of the following factors:  (1) a claim for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's use of expert testimony to support a claim of emotional distress; and (5) the plaintiff's concession that his mental condition is in controversy.  *See, e.g., Pringle v. Wheeler*, No. 19-cv-7432-WHO, 2021 WL 1907824 at *2 (N.D. Cal. Apr. 16, 2021).  Good cause requires a showing, beyond mere relevance, of specific facts justifying the need for an examination.  *Schlagenhauf*, 379 U.S. at 118.  Relevant factors include

1  the possibility of obtaining desired information by other means, whether plaintiff plans to prove

2  his claims through expert testimony, whether the examination will yield relevant information, and

3  whether plaintiff is claiming ongoing emotional distress. *S.G. v. San Francisco Unified School

4  District*, No. 17-cv-05678-EMC, 2019 WL 4479447 at *3 (N.D. Cal. Sept. 18, 2019). The

5  examination must be limited to the condition in controversy. *Schlagenhauf*, 379 U.S. at 118.

**III.   DISCUSSION**

   **A.   Mr. Hammoudeh's Medical Records**

The Regents ask the Court to order Mr. Hammoudeh to produce his medical records from the University of Oregon Health Center, which were obtained pursuant to a subpoena and are presently in the possession of plaintiffs' counsel. Dkt. No. 30 at 1. Mr. Hammoudeh objects to producing records relating to his "physical health" on the ground that the records are not relevant to his claims for emotional distress. *Id.* at 5.

In their complaint, Mr. Sherman and Mr. Hammoudeh allege that they have suffered and continue to suffer "emotional and physical distress including but not limited to humiliation, mental anguish, loss of enjoyment of life, and medical expenses" as a result of The Regents' conduct. Dkt. No. 1, Ex. A ¶¶ 85, 93, 103, 112, 120, 135. Both seek damages for these injuries. *Id.* In the joint discovery dispute submission, Mr. Hammoudeh asserts that "plaintiffs do not make any claims in this case for physical injury unrelated to their emotional distress." Dkt. No. 30 at 6.

Neither The Regents nor Mr. Hammoudeh has provided the Court with any information regarding what physical injuries or symptoms, if any, Mr. Hammoudeh contends *are* related to his claims for emotional distress. For this reason, it is difficult for the Court to determine which medical records may be relevant to Mr. Hammoudeh's non-economic damages. In these circumstances, the Court will require the production to The Regents of Mr. Hammoudeh's medical records for the same types of symptoms or conditions he claims were caused by The Regents' conduct. *See, e.g., Tamburri v. SunTrust Mortgage, Inc.*, No. C 11-2899 JST (DMR), 2013 WL 942499 at *3 (N.D. Cal. March 11, 2013) (limiting discovery to "records that concern the types of mental or emotional distress that Plaintiff specifically has put at issue, and their accompanying mental and physical symptoms, manifestations and effects"). Thus, for example, if Mr.

3

1 Hammoudeh claims to suffer physical pain as a result of his emotional distress, he must produce
2 medical records concerning any conditions or symptoms that might reasonably be expected to
3 produce the same physical pain.

### B. Independent Medical Examinations

The parties do not dispute that plaintiffs' mental condition is in controversy and that there is good cause for each to submit to an independent mental examination. The parties dispute the scope of the examinations and whether plaintiffs should be ordered not to communicate, directly or indirectly, about their respective examinations until both are complete. Dkt. No. 31 at 7 and fn. 6.

As noted above, both plaintiffs allege that they have suffered and continue to suffer "emotional and physical distress including but not limited to humiliation, mental anguish, loss of enjoyment of life, and medical expenses" as a result of The Regents' conduct, and both seek damages for these injuries. Dkt. No. 1, Ex. A ¶¶ 85, 93, 103, 112, 120, 135.

The parties agree that the scope of the examination should be defined by and limited to plaintiffs' claims regarding injury to their mental health and their emotional distress. The Regents say the proper scope of examination should include:

1) plaintiffs' history of psychological complaints, including current and prior psychiatric/psychological treatment, medications, therapy, and hospitalizations;
2) plaintiffs' "psychosocial history," including medical history, surgical history, military history, legal history, relationship and marital history, developmental history, habits, educational background, and vocational history;
3) plaintiffs' "additional history" as required; and
4) administration of standard validated psychological tests: MMPI-2 and MCMI-IV.

Dkt. No. 31 at 5. Plaintiffs say the proper scope of examination should be limited to "review of the records already produced by plaintiffs regarding their physical and mental health, and standardized psychological testing, including the MMPI ad the MCMI-IV proposed by defendant." *Id.* at 8. In particular, plaintiffs object that the examination should not encompass their "relationship and marital history, military history, litigation history, developmental history, habits

or other unrelated social history." *Id.* at 10.

As with Mr. Hammoudeh's medical records, the Court agrees that the scope of the examinations must be commensurate with plaintiffs' claims; however, the parties have provided very little information about the specific nature of each plaintiff's claim for non-economic damages, even though it appears that both plaintiffs have responded to discovery on this topic. *See id.* at 5 (referring to plaintiffs' discovery responses). Assuming that plaintiffs still claim that they suffered injury to their mental health and/or emotional distress that produces physical symptoms (as alleged in the complaint) as well as mental and emotional symptoms, the scope of the examinations may encompass an inquiry into whatever symptoms plaintiffs have put in issue. Unless the parties have agreed to a different time frame, the examinations may encompass the period beginning on the date each plaintiff turned 18 years old and extend to the present. Based on the limited record the parties have presented, the Court expects the examinations to include:

1) plaintiffs' psychological/psychiatric complaints and diagnoses, mental health treatment, medications, therapy, and hospitalizations;
2) plaintiffs' physical medical history to the extent it relates to symptoms for which they seek non-economic damages;[1]
3) plaintiffs' use of controlled substances other than medications if those controlled substances might reasonably be expected to produce symptoms for which they seek non-economic damages;
4) plaintiffs' episodes of serious depression and/or extreme stress; and
5) administration of standard validated psychological tests: MMPI-2 and MCMI-IV.

The Regents have not provided an adequate justification for examinations that encompass plaintiffs' military history, legal history, relationship and marital history, developmental history, habits, educational background, and vocational history.

The Court will not order plaintiffs not to communicate with each other about their

---

[1] For example, if a plaintiff claims that The Regents' conduct caused him to be unable to sleep at night, but he has back pain that also keeps him awake at night, The Regents' examining expert may ask questions necessary to discern whether or to what extent The Regents' conduct, as opposed to the back pain, causes or contributes to his inability to sleep.

respective examinations before both are complete.  The Regents provide very little support for this request in their portion of the joint submission.  However, The Regents' examining expert may ask whichever plaintiff is examined second whether he has communicated, directly or indirectly, with the first plaintiff about the examination so that the expert may assess what impact, if any, such communication may have on the results of the examination of the second plaintiff.  If appropriate, the Court will consider whether the fact that such communication between plaintiffs occurred should be shared with the trier of fact.

### IV.  CONCLUSION

Mr. Hammoudeh must produce any medical records that comply with the Court's guidance above by **January 10, 2022**.  The independent mental examinations shall proceed on the dates stated in the parties' joint discovery dispute submission unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: January 3, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge