UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN SHERMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE REGENTS OF UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | Case No. 20-cv-06441-VKD<br><br>**ORDER RE DECEMBER 22, 2021 DISCOVERY DISPUTE RE DEFENDANT'S ASSERTION OF PRIVILEGE**<br><br>Re: Dkt. No. 33 |

Plaintiffs Benjamin Sherman and Zayd Hammoudeh and defendant The Regents of the University of California ("The Regents") ask the Court to resolve a dispute concerning The Regents' assertion of the deliberate process and official information privileges. Dkt. No. 33. The Court finds this dispute suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that The Regents may not rely on the deliberative process or official information privileges to withhold responsive documents or portions of responsive documents from production.

**I.  BACKGROUND**

Plaintiffs assert claims against The Regents for deliberate indifference to sexual harassment and retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; deliberate indifference to harassment based on race and/or national origin in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; harassment based on race, religion, and/or national origin in violation of the California Government Code § 12940 *et seq.*; discrimination based on national origin in violation of California Government Code § 12900 *et seq.*; intentional discrimination in violation of California

Civil Code § 51 *et seq*.; and discrimination in education in violation of California Education Code §§ 220 and 66270 *et seq*. Dkt. No. 1, Ex. A. These claims arise out of plaintiffs' interactions with Professor Dimitris Achlioptas at the University of California Santa Cruz, where both plaintiffs were students. *Id.*

Plaintiffs served the document requests at issue on The Regents on June 10, 2021. Dkt. No. 33 at 2. The Regents responded on July 19, 2021. *Id.* As to most of the requests, The Regents objected to producing at least some responsive documents because they were protected from disclosure by the "deliberative process privilege" and the "official information doctrine." *See id.*, Ex. 1 (Responses to Requests for Production Nos. 15, 17-20, 22-30, 32-36, 38-48, 50, 53-57, 62, 63, 67). The Regents did not serve a privilege log with their responses to plaintiffs' documents requests or at any other time before the close of fact discovery. *Id.* at 2. In connection with this discovery dispute, The Regents provided a privilege log reflecting that they have withheld or redacted 110 responsive documents as protected by the "deliberative process and/or official information" privileges. *See id.*, Ex. A.

Plaintiffs now ask the Court to order production of the documents The Regents have withheld or redacted. The Regents oppose this request.

## II. LEGAL STANDARD

The Court has original jurisdiction over plaintiffs' claims that arise under federal law. 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over plaintiffs' state law claims. 28 U.S.C. § 1367(a). Federal common law generally governs claims of privilege for civil actions in federal court, except where "state law supplies the rule of decision." *See* Fed. R. Evid. 501; *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). However, where an action asserts both federal and state claims, and the evidence at issue relates to both, federal privilege law applies. *Wilcox*, 753 F.3d at 876. No party contends that the documents at issue concern only claims or defenses arising under state law. Accordingly, federal law governs The Regents' assertions of privilege.

### A. Requirements for Assertions of Privilege

A party claiming that a document or information is privileged or protected from disclosure

2

1   has the burden to establish that the privilege or protection applies.  *See United States v. Martin*,
2   278 F.3d 988, 999–1000 (9th Cir. 2002).  In particular, a party asserting privilege must "describe
3   the nature of the documents . . . in a manner that, without revealing information itself privileged or
4   protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A); *see*
5   *also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148
6   (9th Cir. 2005) (explaining that a party claiming privilege must "provide sufficient information to
7   enable other parties to evaluate the applicability of the claimed privilege or protection").
8   Typically, this is done using a privilege log that identifies "(a) the attorney and client involved, (b)
9   the nature of the document, (c) all persons or entities shown on the document to have received or
10  sent the document, (d) all persons or entities known to have been furnished the document or
11  informed of its substance, and (e) the date the document was generated, prepared, or dated."  *In re*
12  *Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  However, a party may
13  substantiate a claim of privilege by other means.  *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D.
14  234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the
15  communication or the specific role of the sender and each individual recipient.").
16        In the Ninth Circuit, "boilerplate objections or blanket refusals inserted into a response to a
17  Rule 34 request for production of documents are insufficient to assert a privilege."  *Burlington*,
18  408 F.3d at 1149.  Rule 34's 30-day time limit for responding to document requests serves as a
19  "default guideline" for service of a privilege log or other disclosure that satisfies the requirements
20  of Rule 26(b)(5)(A).  *Id*.  However, a privilege is not waived *per se* simply because a party fails to
21  produce a privilege log within Rule 34's 30-day time limit; instead, a district court must make a
22  case-by-case determination regarding whether the privilege has been properly asserted.  *Id*.

23        **B.**    **Deliberative Process Privilege**
24        The "deliberative process privilege" is well-defined by the Supreme Court and in the Ninth
25  Circuit.  The deliberative process privilege protects the decision-making processes of government
26  agencies.  To that end, the privilege protects "documents reflecting advisory opinions,
27  recommendations and deliberations comprising part of a process by which governmental decisions
28  and policies are formulated."  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S.

1, 8 (2001) (internal quotation marks omitted). "A document must meet two requirements for the deliberative process privilege to apply. First, the document must be predecisional—it must have been generated before the adoption of any agency's policy or decision." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). "Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id.* "Purely factual material that does not reflect deliberative processes is not protected." *Id.*

The deliberative process privilege should be supported by the declaration of an appropriate agency official who has personally considered the materials at issue. *See, e.g.*, *In re McKesson Gov't'l Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601, 602 (N.D. Cal. 2009) (discussing cases). Also, like the law enforcement privilege, the deliberative process privilege is qualified, not absolute. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding overrides the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161. In weighing the competing interests, a court may consider: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id.*

### C. Official Information Privilege

Federal law recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the benefits of disclosure against the potential disadvantages." *Id.* at 1033–34. The official information privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." *Belton v. Gutierrez*, No. 19-cv-01909-WHO (PR), 2020 WL 8617411, at *3 (N.D. Cal. Sept. 29, 2020) (quoting *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975)).

Like the deliberative process privilege, assertions of the official information privilege should be supported by the declaration of an appropriate agency official who has personally considered the materials at issue. *Id.* Among the factors a court should consider are (1) the

4

1    specific governmental or privacy interests that would be threatened by disclosure of the material to

2    plaintiff and/or his lawyer, (2) how disclosure subject to a carefully crafted protective order would

3    create a substantial risk of harm to significant governmental or privacy interests, and (3) how

4    much harm would be done to the threatened interests if the disclosure were made. *Id.* (citing *Kelly*

5    *v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

**III.   DISCUSSION**

The Court first considers whether The Regents have properly asserted their privilege objections. The Regents argue that they timely asserted objections based on the deliberative process and official information privileges in their July 19, 2021 responses to plaintiffs' requests for production of documents. Dkt. No. 33 at 3. The objections consisted of a single sentence, repeated for each objected-to request, stating: "This request may seek information protected by the deliberative process privilege and the official information doctrine." *See, e.g., id.*, Ex. 1 (Response to Request for Production No. 15). This is the quintessential boilerplate objection. It does not provide the information Rule 26(b)(5)(A) requires a party to disclose when asserting an objection, nor does it contain any of the information necessary to support specific assertions of the deliberative process privilege or the official information privilege.

Apparently, The Regents provided no further information in support of their assertions of privilege until they served a privilege log on December 22, 2021, seven days after the close of fact discovery. That privilege log identifies specific documents by date, author, recipients, and email subject line, but it otherwise fails to explain The Regents' bases for asserting these privileges; there is simply a column titled "Reason" and the same text, "Deliberative process and/or official information," appears in that column for each document. *Id.*

Based on this record, the Court finds that The Regents failed to timely assert either the deliberative process privilege or the official information privilege as to any document or redaction either within the "default" period for responding to plaintiffs' documents request or *at any time* before the close of discovery. Such conduct does not comply with the requirements of Rule 26(b)(5). *See Burlington*, 408 F.3d at 1149 (affirming district court's finding of privilege waiver where privilege log was filed five months after deadline to respond to document requests and no

5

1  "mitigating" circumstances warranted a different result). Moreover, at the initial case
2  management conference in this matter, the Court specifically directed the parties to its Standing
3  Order for Civil Cases and the provisions dealing with discovery. *See* Dkt. No. 17 at 1. That
4  standing order includes the following guidance regarding the preparation of privilege logs:

> Claims of privilege or work product protection must be sufficiently detailed and informative to justify the privilege or protection claimed; generalized claims of privilege or work product protection are not permitted. *See* Fed. R. Civ. P. 26(b)(5). Privilege logs shall be promptly provided, and updated periodically, as documents are reviewed for production. The parties should agree on interim and final dates for the exchange of privilege logs that permit any disputes about claims of privilege or work product protection to be addressed in advance of the discovery cut-off.

10 Standing Order, sec. 4. The Regents did not comply with Rule 26(b)(5)(A) or the Court's standing
11 order regarding privilege logs.
12  The Regents now say that they "worked diligently" to produce a log after the close of
13 discovery. Dkt. No. 33 at 5. They provide no evidence or explanation of such diligence, but in
14 any event, the log itself is insufficient to support their assertions of privilege. Even if the Court
15 considers the information and arguments The Regents include in their portion of the joint
16 discovery dispute submission, the Court must necessarily conclude that The Regents have failed to
17 carry their burden to show that any privilege applies to any of the documents in the log. It is not
18 sufficient to simply recite the law that governs application of a privilege. At the very least, The
19 Regents were required to explain to the Court why the deliberative process privilege or the official
20 information privilege protects the documents and redactions at issue from disclosure. They did
21 not do so, and application of either privilege to the documents on the log is not self-evident.

22 **IV.   CONCLUSION**
23  For the reasons explained above, the Court finds that The Regents have not timely or
24 properly established that any of the documents and redactions on the log attached as Exhibit 1 to
25 Dkt. No. 33 are protected from disclosure by the deliberative process privilege or the official
26 information privilege. The Regents must produce these documents or unredacted versions of these
27 documents, as applicable, to plaintiffs no later than **March 31, 2022.** If appropriate, these
28 documents may be designated under the protective order in this case.

**IT IS SO ORDERED.**

Dated: March 24, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge